# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**LAROD MONTRELL GROSS**                                             **PETITIONER**

**V.**                                                                           **NO. 2:09CV028-P-S**

**LAWRENCE KELLY, et al.**                                           **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Larod Gross for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

On May 29, 2003, Gross pled guilty to a multi-count indictment in the Panola County Circuit Court. Gross was charged with and pled guilty to two counts of armed robbery and one count of aggravated assault. Gross was sentenced to eight years for each count of armed robbery to be served consecutively and twenty years for aggravated assault also to be served consecutively. Since he had pled guilty, Gross did not pursue an appeal.[1] He, instead, filed a "motion for post-conviction relief" in the trial court on February 14, 2005, which was denied. Aggrieved by that decision, Gross appealed. The Mississippi Court of Appeals affirmed the trial court's dismissal of Gross' petition. *See Gross v. State*, 954 So.2d 438 (Miss. App. 2006).

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

---

[1] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed thirty days after a guilty plea to perfect an appeal. Miss. R. App. P. 4(a). Gross admittedly did not pursue an appeal challenging his sentence within thirty days. Thus, Gross' judgment and became final thirty days after the sentencing order was entered May 30, 2003. In the absence of any further review, Gross' sentence and conviction became final on June 30, 2003, the date on which his time for perfecting an appeal in state court expired.

Gross, therefore, had one-year or until June 30, 2004, to seek federal review of his conviction and sentence or "properly file" an application for post-conviction relief in the state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Gross did file a petition for post-conviction relief in the trial court on February 14, 2005.[2] The petition was denied on August 10, 2005. A properly filed

---

[2] Gross signed the petition on this date. The Circuit Court stamped the petition received on April 11, 2005. Since the difference between the two dates is nondispositive, the

application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.; Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). Gross' post-conviction petition, however, was not filed on or before June 30, 3004. He, therefore, may not take advantage of the AEDPA's tolling provision.

To be timely, Gross' federal habeas petition must have been filed by June 30, 2004. Gross, however, did not file this petition until February 9, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 1685 days beyond the expiration of the one-year limitations period.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). To overcome the untimeliness of his petition, Gross repeatedly claims that his sentence was illegally imposed because he was not present or that the sentence was not pronounced in open court. His claim, however, is completely contradicted by the record. Not only was his sentence pronounced in open court, but Gross was clearly present, responded to the sentencing court's inquiries, and apologized to the victims. *See* Plea and Sent. Hrg. Tr. 2-29 (May 29, 2003).

Accordingly, Gross has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

---

court will use the date most favorable to Gross, February 14, 2005.

THIS the 27th day of July, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE